**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIRST</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ESCAMBIA</u>   COUNTY, FLORIDA

<u>HERMAN FAILS</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>MARTHA DUNAGIN SANDERS in her official capacity as, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF WEST FL, DEBORAH FLETCHER, MARC COSSICH, DAVID FAIRCLOTH</u>
Defendant

---

### II.   AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [　]
(Specify)

  <u>1</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>        Fla. Bar # <u>739685</u>
      Attorney or party              (Bar # if attorney)

<u>Marie A Mattox     </u>        <u>03/01/2022</u>
  (type or print name)           Date

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS,**

      **Plaintiff,**

**v.**

**MARTHA DUNAGIN SANDERS, in her official
capacity as President of THE
UNIVERSITY OF WEST FLORIDA, THE
BOARD OF TRUSTEES OF THE
UNIVERSITY OF WEST FLORIDA,
DEBORAH FLETCHER, individually,
MARC COSSICH, individually, and
DAVID FAIRCLOTH, individually,**

      **Defendants.**

_____/

**CASE NO.: 22-CA-
FLA BAR NO.: 0739685**

## <u>COMPLAINT</u>

    Plaintiff, HERMAN FAILS, hereby sues Defendants, MARTHA DUNAGIN SANDERS,

in her official capacity as President, THE UNIVERSITY OF WEST FLORIDA, THE BOARD

OF TRUSTEES OF THE UNIVERSITY OF WEST FLORIDA, DEBORAH FLETCHER, in her

individual capacity, MARC COSSICH, in his individual capacity, and DAVID FAIRCLOTH, in

his individual capacity, and alleges:

## <u>NATURE OF THE ACTION</u>

    1.    This is an action brought under Chapter 760, Florida Statutes, the Americans with

Disabilities Act (ADA), codified at 42 U.S.C. § 12101, et seq., the Age Discrimination in

Employment Act, (ADEA), codified at 29 U.S.C. §621 et seq., the Rehabilitation Act, codified

at 29 U.S.C. §794 et seq, 42 U.S.C. §1981a., and §440.205, Florida Statutes.  This action is also

brought under the First Amendment to the United States Constitution through 42 U.S.C. §1983.

2.      This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, HERMAN FAILS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his age (over 40), actual or perceived disability and/or record of impairment, and he was retaliated against after reporting Defendant's unlawful employment practices. Furthermore, Plaintiff is a member of a protected class due to his on-the-job injury sustained October 1, 2016, and another on-the-job injury sustained on or around November 6, 2017, after which he was retaliated against for obtaining or attempting to obtain benefits under Chapter 440, Florida Statutes.

4.      At all times pertinent hereto, Defendant, MARTHA DUNAGIN SANDERS, in her official capacity as President, THE UNIVERSITY OF WEST FLORIDA hereinafter ("UWF"), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5.      At all times pertinent hereto, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF WEST FLORIDA ("UWF"), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

6.      At all times pertinent hereto, Defendant, DEBORAH FLETCHER, has been a resident of Florida and was employed by Defendant UWF as Sergeant, Lieutenant, and Assistant

2

Chief of Police, respectively. Defendant FLETCHER is sued in her individual capacity and is *sui juris*.

7.       At all times pertinent hereto, Defendant, DAVID FAIRCLOTH, has been a resident of Florida and is employed by Defendant UWF as Captain. Defendant FAIRCLOTH is sued in his individual capacity and is *sui juris*.

8.       At all times pertinent hereto, Defendant, MARC COSSICH, has been a resident of Florida and is employed by Defendant UWF as Chief of Police. Defendant COSSICH is sued in his individual capacity and is *sui juris*.

## CONDITIONS PRECEDENT

9.       Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

10.       Plaintiff, a disabled male over forty (40) and Workers' Compensation beneficiary, began his employment with Defendant on or about January 28, 1994, and held the position of Sergeant at the time of his constructive termination on or around April 2020.

11.       Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his age, actual or perceived disability and/or record of impairment, and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter; and because he reported an on the job injury and sought compensation and benefits under Chapter 440, Florida Statutes

3

12. The disparate treatment and retaliation came at the hands of specifically but not limited to Defendant Assistant Chief DEBORAH FLETCHER, Defendant Chief of Police MARC COSSICH, and Defendant Captain DAVID FAIRCLOTH.

### Relevant Background

13. On or around August 20, 2008, Plaintiff, who was approximately forty-nine (49) years old at the time, opposed the promotion of Defendant DEBORAH FLETCHER from Sergeant to Lieutenant. Plaintiff had seen Defendant UWF give preferential treatment continually and frequently to Defendant FLETCHER, a non-disabled female who was approximately thirty (30) years old.

14. By way of example, Defendant UWF gave Defendant FLETCHER opportunities it did not give to Plaintiff and other, older employees.

15. Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Discrimination to report the disparate treatment of Defendant UWF.

16. Plaintiff decided not to pursue his claims because of his fear that he would be fired and ineligible for retirement with Defendant UWF.

17. However, Defendant UWF's mistreatment of Plaintiff continued and got worse.

18. Defendant FLETCHER knew of Plaintiff's disparate treatment complaint that was based on the preferential treatment she received from Defendant UWF, and she retaliated against and harassed Plaintiff for his complaint. However, Defendant FLETCHER was not in a position to adversely affect Plaintiff's employment until 2016 when she was promoted to Assistant Chief.

19. On or around August 20, 2016, Defendant UWF promoted Defendant FLETCHER to Assistant Chief, and she became Plaintiff's direct supervisor, despite Plaintiff having more experience than her.

4

20.     At this time, Plaintiff had disabilities and was approximately fifty-seven (57) years old, and had worked for Defendant UWF for approximately twenty-two (22) years. Plaintiff would have accepted the position of Assistant Chief had it been offered.

21.     On the other hand, Defendant FLETCHER, a non-disabled female, was approximately thirty-five (35) years old and had worked for Defendant UWF for approximately fifteen (15) years.

22.     Furthermore, Defendant UWF has retaliated against Plaintiff because he reported an on-the-job injury and sought benefits under Chapter 440, Florida Statutes.

23.     On or around October 1, 2016, Plaintiff attempted to obtain benefits under Chapter 440, Florida Statutes for respiratory irritation caused by having to relieve other employees who smoked.

24.     Defendant UWF denied Plaintiff benefits for this claim, despite the fact that his permanent respiratory injury stemmed from a previous work-place injury in which he responded to a chemical fire. This permanent injury causes his respiratory tract to be constricted which causes shortness of breath, and is exacerbated by inhaling second-hand cigarette smoke.

25.     Defendant UWF continued to force Plaintiff to relieve the dispatchers who smoked, which continued to exacerbate his medical condition and Plaintiff complained about his work-related into the 2017 period.

26.     On or about April 2017, Defendant UWF retaliated against Plaintiff for his attempt to obtain benefits under Chapter 440 when it revoked his approved leave time at the last minute, costing Plaintiff thousands of dollars in canceled vacation plans. This revocation of approved leave time was without cause and retaliatory after Plaintiff sought benefits under Chapter 440.

*Facts Pertaining to the Underlying Causes of Action*

27.     Plaintiff's disabilities, known to Defendant UWF, affect Plaintiff's activities of daily living, including specifically and without limitation walking, sitting, reading, sleeping, working, and concentrating.  At all times pertinent hereto, Plaintiff was able to perform the essential functions of his position with Defendant with and/or without accommodations.

28.     From on or around 2016 throughout 2020, Defendant UWF intentionally made Plaintiff's shifts short of staff, thereby causing Plaintiff to walk the campus with extremely heavy police gear on his back which exacerbated his known chronic medical conditions. Defendant UWF denied Plaintiff his request to supply him with enough staff, although Defendant UWF supplied the other, younger, non-disabled staff sergeants with enough staff.

29.     By way of example, Defendant UWF gave the other three (3) shift sergeants, who are all considerably younger than Plaintiff and not disabled, sufficient staff that allowed them to not have such a physically demanding job.

30.     Defendant UWF continued its disparate treatment of Plaintiff based on his age and actual or perceived disability and/or record of impairment by continuing to subject him to frivolous write-ups. On or about August 2017, Defendant UWF wrote Plaintiff up for requesting leave time that had been approved.

31.     However, Plaintiff did not treat its younger, non-disabled employees this way. By way of example, Defendant UWF would allow Corporal (now Sergeant) Seth Brown, a non-disabled male about thirty-seven (37) years old, and Noni Jordan, a non-disabled female, approximately forty-two (42) years old, to take requested leave with no retaliation.

32.     Additionally, Defendant UWF refused to promote Plaintiff despite his qualifications. On or around October 8, 2017, Defendant UWF appointed Sergeant Davis to

6

Interim Lieutenant, and Officer Montoya, to Interim Investigations, without advertising the positions. The Investigations position had been a sergeant's position since at least 1994, and Montoya was not a Sergeant and had only worked for Defendant UWF for approximately fifteen (15) months.

33.     On or around November 1, 2017, Plaintiff was approved for intermittent medical leave for a period of twelve (12) months under the Family and Medical Leave Act (FMLA) due to his disability. Defendant UWF's mistreatment of Plaintiff continued thereafter and got worse.

34.     By way of example, Defendant UWF specifically and without limitation threateningly asked Plaintiff if he was sure he wanted to take the leave when he brought in the paperwork for Defendant UWF to sign. By way of further example, Defendant UWF required a doctor's note from every medical appointment that Plaintiff had, even if he was only on leave less than one (1) day, despite Defendant UWF's policy that medical notes are only required after two (2) days of absence. On the other hand, younger employees were not subject to this type of scrutiny by Defendant UWF.

35.     In addition, James Roby, a non-disabled male approximately thirty-five (35) years old, and Corporal f/n/u Gallagher, a non-disabled male approximately thirty-five (35) years old, were permitted to attend medical visits without providing medical notes to Defendant UWF.

36.     On or around November 5, 2017, Defendant UWF demoted Plaintiff to a Dispatch position based on his disability and/or age. This was despite Plaintiff's physician clearing him to continue to work as Patrol Sergeant. Plaintiff thereafter was trained and supervised by a Dispatch personnel who had previously been Plaintiff's subordinate.

37.     Defendant UWF was aware of Plaintiff's learning disability, dyslexia, and had allowed him the reasonable accommodation of time extensions to turn in reports, as well as

allowing him to make occasional typographical, spelling, and grammatical errors on these reports beginning on or about December 1994.

38.     However, when Defendant FLETCHER became Plaintiff's supervisor, he had to frequently remind her that he required the reasonable accommodation of time extensions to turn in reports. Moreover, Dispatch required significantly more record-keeping than Plaintiff's former position as Patrol Sergeant. Defendant UWF knew this, and demoted Plaintiff to this position for punishment for requiring medical leave due to his disability, and in order to punish him and have his learning disabilities exposed and ridiculed.

39.     Working in Dispatch also forced Plaintiff to sit in an area where other employees smoked, which exacerbated his chronic medical condition severely. This caused painful burning and itching that forced him to obtain care from a pulmonologist for respiratory conditions. Thus, Plaintiff again filed for compensation and benefits under Chapter 440, Florida Statutes through Defendant UWF's policy on or around November 6, 2017, and again on or around November 11, 2017 for hypertension, stress, respiratory illness, and anxiety.

40.     Defendant UWF denied him Worker's Compensation benefits for both claims, despite the fact that on November 11, 2017, he had to go to Baptist Urgent Care for his on-the-job related injuries and required medical treatment. Plaintiff had to pay out of pocket for his work-related medical injuries. His injuries were so severe that he could not work due to the stress, blood pressure issues, anxieties, and Reactive Airway Disease, and he was forced to go on his approved FMLA leave from on or around November 11, 2017 until on or around January 22, 2018.

41.     Defendant UWF's disparate treatment of Plaintiff continued and got worse. Defendant UWF discriminated against Plaintiff because of his disability and retaliated against

him for attempting to obtain benefits under Chapter 440, F.S. by demoting him to the position of

Security Guard on or about September 11, 2018, and changed his work hours from regular

daytime hours to night hours of 4:00 p.m. to 1:00 a.m. Defendant FLETCHER knew the night

hours would cause problems for Plaintiff and his family, as he had two children at home and a

wife who worked out of town. Moreover, Defendant FLETCHER condescendingly told him that

with his medical condition the Security Guard position was something he would be able to do.

42.     Because of the actions against him set forth in part above, in May, 2018, Plaintiff

filed a charge of employment discrimination with the EEOC against Defendant UWF reporting

the mistreatment against him.  That charge was amended in September 2018 with additional acts

of discrimination retaliation that were ongoing and persistent, causing Plaintiff harm.

43.     On or around October 21, 2019, Plaintiff sent a mass email to Defendant UWF,

Defendant FLETCHER, Defendant CAPTAIN DAVID FAIRCLOTH, Defendant Chief of

Police MARC COSSICH, Vice President for Finance and Administration Betsy Bowers, and

everyone in Defendant UWF's police department that detailed the extensive unlawful

employment practices of Defendant UWF, specifically and without limitation harassment of

Plaintiff and others. This letter also notified Defendant UWF, Defendant FLETCHER, Defendant

COSSICH, and Defendant FAIRCLOTH of several issues of concern that were outside of the

scope of Plaintiff's job duties.

44.     By way of example, Plaintiff spoke out against the actions of Defendant UWF

officers on a shooting range located in Santa Rosa County that occurred on or about October 15,

2019. Plaintiff stated in his letter, specifically and without limitation, that (1) Defendant UWF

officers were utilizing unsafe gun practices; (2) Defendant UWF allowed a non-certified range

instructor on a gun range not owned by Defendant UWF to conduct firearm training and

certification drills; and (3) Assistant Chief Defendant FLETCHER was aware of this unsafe incident yet refused to take corrective action.

45.     Plaintiff also stated in this letter that he was opposed to the nepotism that was occurring within Defendant UWF. Plaintiff stated that specifically and without limitation that (1) Officer Montoya got better treatment because she was a friend of Defendant FLETCHER; and (2) he believed it was unfair that Officer Montoya's behavior at her former police department was the sole reason that Defendant UWF's police department had to travel fifty (50) miles to Santa Rosa County to train at its gun range (because Montoya was banned from the Escambia County gun range due to her behavior).

46.     On or around December 2019, Plaintiff's physician put him on intermittent FMLA leave due to work-related stress.

47.     On or around December 10, 2019, Plaintiff went on leave for approximately two (2) weeks. Upon his return to work on Christmas Eve, December 24, 2019, Defendant UWF, Defendant FLETCHER, Defendant COSSICH, and Defendant FAIRCLOTH retaliated against Plaintiff, and began an investigation against him. Defendant UWF had the letter sitting in his work mailbox for two weeks, could have notified him of it earlier, but waited to give it to him on Christmas Eve purposefully and maliciously. The investigation that Defendant UWF started was based on frivolous allegations that Plaintiff had made false statements in the letter reflected in paragraphs 41-43. This investigation was commenced simply in retaliation for Plaintiff's reports of issues of societal concern that were outside of the scope of his job duties, his reports of discrimination, and his attempt to obtain worker's compensation benefits under Chapter 440, Florida Statutes.

48.     Plaintiff returned to work on or around January 4, 2020, and Defendant UWF and Defendant FLETCHER continued to harass him and subject him to biased investigatory procedures. Defendant Chief of Police COSSICH directed Defendant FAIRCLOTH to investigate Plaintiff. Defendant FAIRCLOTH told Plaintiff that he wanted to start Defendant UWF's investigation of him right away. Plaintiff opposed this verbally to Defendant FAIRCLOTH and stated he had not had the time to obtain information about these frivolous allegations in order to properly defend himself.

49.     Under the direction of Defendant COSSICH, Defendant FAIRCLOTH personally oversaw the investigation against Plaintiff and personally questioned all the officers that were present on the range that day. Defendant FAIRCLOTH was aware of the range instructors' intentional, volatile behavior directed towards Plaintiff, yet refused to take corrective action against the range instructors and instead continued with the retaliatory investigation against Plaintiff.

50.     Plaintiff had to take FMLA leave on or around January 6, 2020, due to the continued harassment by Defendants UWF, FLETCHER, COSSICH, and FAIRCLOTH. Defendant UWF insisted on conducting a meritless investigation and refused to investigate the complaints which Plaintiff had made against Sergeant Hinnant and others. Defendant UWF's actions caused Plaintiff stress that exacerbated his medical conditions, specifically and without limitation exacerbating his insomnia, appetite loss, and anxiety.

51.     Defendant UWF's harassment and targeting of Plaintiff that had started in 2008, but heightened in 2016, and continued up until January 2020, caused him so much stress that it became impossible for Plaintiff to continue to work for Defendant UWF. Defendant UWF began speaking about Plaintiff to officers he supervised, which undermined his authority. Defendant

11

UWF ignored Plaintiff's written complaint about being harassed, and instead conducted an investigation of him in retaliation for Plaintiff exercising his First Amendment rights when reporting Defendant UWF's unlawful employment activities and in retaliation for his attempt to obtain worker's compensation benefits under Chapter 440, Florida Statutes.

52.    Defendant UWF's actions caused Plaintiff so much stress that it exacerbated his medical condition to an intolerable level and on or around April 1, 2020, Plaintiff was forced to resign as no reasonable person would have remained employed with Defendant UWF under the circumstances.

53.    Since Plaintiff's constructive termination, he has filed two charges of discrimination with the EEOC. The first pertains to Plaintiff's constructive termination and the second pertains to Plaintiff's prohibition from attending a retirement party at the University of West Florida's police department as described below.

54.    On or around January 11, 2022, Plaintiff received a call from Sgt. Johnny McSwain inviting him to a retirement party at the University of West Florida's police department scheduled for January 19, 2022. Plaintiff was assured that there would not be any conflict because Sgt. Johnny McSwain was told to request Plaintiff's presence by Office Manager Saber.

55.    When January 19, 2022, arrived, Plaintiff called Sgt. McSwain to inform him that he decided to attend and that he was at the department. Sgt. McSwain buzzed Plaintiff into the building. Plaintiff entered and was greeted by several officers and observed Fletcher and McSwain speaking down the hall. McSwain then rushed Plaintiff and escorted him toward the front door. McSwain explained that Fletcher did not want him at the retirement party because of this lawsuit.

56.     Plaintiff was never told that he was prohibited from attending any function or event on the University of West Florida's campus. He was prevented from attending the party purely because of Fletcher's animosity towards Plaintiff for filing a lawsuit.

57.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendants should be made to pay said fee under the laws referenced above.

## COUNT I
## <u>DISABILITY DISCRIMINATION</u>
### (Against Defendant UWF)

58.     Paragraphs 1-57 above are re-alleged and incorporated herein.

59.     This count sets forth a claim for discrimination on the basis of Plaintiff's actual or perceived mental or physical disability and/ or record of impairment, brought under Chapter 760, Florida Statutes and 42 U.S.C. §12101, et seq.

60.     Plaintiff has been a victim of discrimination on the basis of actual or perceived disability and/or record of impairment. During the course of Plaintiff's employment by Defendant, Plaintiff was treated differently than similarly situated employees who are non-disabled, not perceived as disabled, or do not have a comparable record of impairment to Plaintiff.

61.      Defendant is liable for the differential treatment, its refusal to accommodate Plaintiff, and its refusal to engage in an interactive process with Plaintiff, which adversely affected the terms and conditions of Plaintiff's enrollment with Defendant.

62.     Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

13

63.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were disability/perceived disability-based and in violation of the laws set forth herein.

64.     The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's constructive termination.

65.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

66.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and likely will continue in to the future. Plaintiff is asking for injunctive relief and attorneys' fees under this count.

**COUNT II**
**ADA RETALIATION**
**(Against Defendant UWF)**

67.     Paragraphs 1-57 above are re-alleged and incorporated.

68.     Defendant is an employer as that term is used under the applicable statutes referenced above.

69.     This count sets forth a claim for unlawful retaliation under Chapter 760, Florida Statutes and 42 U.S.C §12203.

70.     Defendant retaliated against Plaintiff for opposing Defendant's unlawful acts or practices or because Plaintiff made a charge, testified, assisted, or participated in any manner in

14

an investigation, proceeding, or hearing under 42 U.S.C. §12101, et seq. and adverse employment actions were then taken against Plaintiff.

71.     Alternatively, Defendant coerced, intimidated, threatened, or interfered with Plaintiff's rights under 42 U.S.C. §12101, et seq. as a result of Plaintiff exercising or enjoying Plaintiff's rights granted under 42 U.S.C. §12101, et seq or encouraging another to do so.

72.     The foregoing unlawful actions by Defendant were purposeful.

73.     Because of Plaintiff reporting Defendant's unlawful behavior, Plaintiff was the victim of retaliation, as relayed in part above, including without limitation Plaintiff's constructive termination.

74.     Plaintiff became a member of a protected class after reporting Defendant's unlawful employment practices or association with another who reported Defendant's unlawful employment practices, and Plaintiff was a victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment actions taken thereafter, including specifically and without limitation his constructive termination.

75.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue in to the future. Plaintiff is asking for injunctive relief and attorneys' fees under this count.

## COUNT III
## AGE DISCRIMINATION
### (Against Defendant UWF)

76.     Paragraphs 1-57 are re-alleged and incorporated herein by reference.

77.     This is an action against Defendant for age-based discrimination brought under Chapter 760, Florida Statutes, and 29 U.S.C. §621 et seq.

78.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

79.     Defendant failed to hire, discharged, or otherwise discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions, or privileges of employment because of, at least in part, Plaintiff's age.

80.     Alternatively, Defendant deprived attempted to deprive Plaintiff of employment opportunities and/or took actions which adversely affected Plaintiff's status as an employee in that Defendant limited, segregated, or classified Plaintiff or reduced Plaintiff's wages.

81.      Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

82.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

83.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

84.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

85.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant, including specifically and without limitation his constructive termination.

86.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

87.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is asking for injunctive relief and attorneys' fees under this count.

**COUNT IV**
**ADEA RETALIATION**
**(Against Defendant UWF)**

88.     Paragraphs 1-57 above are re-alleged and incorporated.

89.     This count sets forth a claim for unlawful retaliation under Chapter 760, Florida Statutes and 29 U.S.C. §623.

90.     Defendant is an employer as that term is used under the applicable statutes referenced above.

91.     Plaintiff was an employee or applicant for employment as those terms are used under the applicable statutes referenced above.

92.     Defendant retaliated against Plaintiff for opposing Defendant's unlawful acts or practices or because Plaintiff made a charge, testified, assisted, or participated in any manner in

an investigation, proceeding, or litigation under 29 U.S.C. §621 et seq. and adverse employment actions were then taken against Plaintiff.

93.     The foregoing unlawful actions by Defendant were purposeful.

94.     Because of Plaintiff reporting Defendant's unlawful behavior, Plaintiff was the victim of retaliation, as relayed in part above, including without limitation Plaintiff's constructive termination.

95.     Plaintiff is a member of a protected class because of his reporting of Defendant's unlawful employment practices or association with another who reported Defendant's unlawful employment practices, and Plaintiff was a victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment actions taken thereafter.

96.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue in to the future. Plaintiff is asking for injunctive relief and attorneys' fees under this count.

**COUNT V**
**VIOLATION OF THE REHABILITATION ACT**
**DISABILITY/ HANDICAP DISCRIMINATION**
**(Against Defendant UWF)**

97.     Paragraphs 1-57 are incorporated herein by reference. This is an action against Defendant for discrimination based on handicap and/or disability.  This count is pled in the alternative to the other counts set forth herein.

18

98.     Plaintiff actively or perceptively suffered from a physical or mental disability that substantially limits one or more of Plaintiff's major life activities and/ or Plaintiff has a record of such impairment.

99.     Defendant is an "employer" as the term is defined in the relevant statute and was receiving federal funds at the time of its discrimination against Plaintiff.

100.    Defendant, because of Plaintiff's handicap/disability excluded Plaintiff's participation in, denied Plaintiff the benefits of, or subjected Plaintiff to discrimination under a program or activity as defined in the relevant statute. This was accomplished through Defendant's agents, apparent agents, and employees.

101.    Defendant took action against Plaintiff because of Plaintiff's disabling condition, Alternatively, Defendant perceived Plaintiff to be disabled and took action against him as a result thereof and/or refused to reasonably accommodate him.

102.    There is no legitimate reason that has been offered by Defendant nor can there be any legitimate reason for the adverse treatment of Plaintiff.

103.    Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant. The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

104.    Defendant harbored ill-motives and intent to cause disparate and retaliatory treatment of Plaintiff.

105.    Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant

failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

106.    At all times pertinent hereto, Defendant received and utilized in conducting its functions as provided by law federal financial assistance, such assistance received for the purposes of assisting some or all of the programs and activities of Defendant.  On information and belief, the funds received constituting such federal financial assistance were deposited into a general fund or account managed by or on behalf of Defendant.

107.    As a direct and proximate cause of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future.  Plaintiff is entitled to injunctive relief and compensatory damages under this count.

**COUNT VI**
**<u>RETALIATION – SECTION 440.205</u>**
**(Against Defendant UWF)**

108.    Paragraphs 1-57 are re-alleged and incorporated herein by reference.

109.    This is an action against Defendant for retaliation under §440.205, Florida Statutes.  At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

110.    Plaintiff was employed with Defendant when he was injured on the job. Plaintiff sought compensation and/or benefits including without limitation medical care under Chapter 440, Florida Statutes and was retaliated against for making or attempting to make such a claim.

111.    Defendant retaliated against Plaintiff because he was injured on the job and had a valid claim for compensation and benefits under Chapter 440, including specifically and without limitation his constructive termination.

112.    Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to workers' compensation benefits under the laws of the State of Florida.

113.    As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is also entitled to compensatory damages and injunctive/equitable relief.

**COUNT VII**
**FIRST AMENDMENT RETALIATION**
**(Against Defendant Sanders)**

114.    Paragraphs 1-57 are realleged and incorporated herein by reference.

115.    This count sets forth a claim against Defendant Sanders, in her official capacity, for First Amendment retaliation and is brought through 42 U.S.C. § 1983.

116.    Defendant Sanders took actions in violations of Plaintiff's rights under the First Amendment of the United States Constitution.

117.    These violations were of the type and character as to which any reasonable person or institution would be aware.

118.    Plaintiff's rights to freedom of political expression, association, participation and belief were violated.

21

119.    Public employees like Plaintiff have the right to engage in First Amendment activities without the fear of reprisal.

120.    Plaintiff engaged in constitutionally protected activity by speaking on matters of public concern and beyond the scope of his job duties, including but not limited to his participation in inquiries and investigations and otherwise speaking out on matters that are of public concern as described in part above.

121.    Plaintiff engaged in constitutionally protected activity by speaking on matters of public concern and beyond the scope of his job duties, including specifically and without limitation his concerns of unsafe gun range practices and nepotism within Defendant UWF as referenced above.

122.    After engaging in this protected activity, Plaintiff was the victim of retaliatory actions as set forth in part above, including without limitation his constructive termination.

123.    Defendant infringed on Plaintiff's constitutionally protected interests under the First Amendment by taking adverse actions against him in retaliation for his protected activity.

124.    Defendant's actions against Plaintiff constituted retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights.

125.    Plaintiff's protected activity was substantial or motivating factor in the adverse actions taken against him, including specifically and without limitation his constructive termination.

126.    The conduct engaged in by Defendant was in callous and willful disregard of Plaintiff's constitutional rights.

127.   Defendant Sanders, through her decisionmakers and other upper-level personnel, including FLETCHER, were the final policymakers in Plaintiff's constructive termination and is a person under the laws applicable to this action.

128.   Defendant Sanders, through her decisionmakers and other upper-level personnel, including FLETCHER, were the final decision makers in the decisions to take adverse employment actions against Plaintiff after he engaged in protected First Amendment activity.

129.   Defendant Sanders, through her decisionmakers and other upper-level personnel, including without limitation FLETCHER, acted under color of state law when it made the decision and/or participated in the adverse employment actions against Plaintiff.

130.   Defendant Sander's actions in disciplining and/or forcing Plaintiff to resign was the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his First Amendment rights.

131.   The actions by and on behalf of Defendant Sanders set forth in this count were not unique events of the violations set forth herein.  On information and belief, further similar events of wrongful actions on the part of Defendant Sanders and/or her employees or agents have occurred, such events combining to determine a pattern of similar wrongful and illegal behavior.

132.   Defendant Sanders, after notice of the constitutional violations alleged herein, officially sanctioned such actions and refused to discipline her agents and employees including but not limited to the individually listed defendants in this action, which sanction and refusal established a policy, by a final policymaker, that directly or indirectly resulted in violations of Plaintiff's constitutional rights.

133.   As a direct and proximate result of the actions of Defendant, Plaintiff has suffered lost wages, benefits and economic tangible damages.  He also sustained emotional pain and

suffering damages, loss of the capacity for the enjoyment of life and other noneconomic damages.  These losses have occurred in the past, are occurring at present, and are likely to continue into the future.  Plaintiff is entitled to an award against Defendant for costs and attorney's fees.

## COUNT VIII
## FIRST AMENDMENT RETALIATION
### (Against Defendant FLETCHER)

134.    Paragraphs 1-57 are re-alleged and incorporated herein by reference.

135.    This count sets forth a claim against Defendant FLETCHER in her individual capacity for First Amendment retaliation and is brought through 42 U.S.C. § 1983.

136.    Defendant FLETCHER took actions in violation of Plaintiff's rights under the First Amendment of the United States Constitution.  These violations were of the type and character as to which any reasonable person would be aware.  Defendant FLETCHER is a person under the laws applicable to this Count.

137.    Plaintiff's rights to freedom of political expression, association, participation and belief were violated.  Public employees like Plaintiff have the right to engage in First Amendment activities without the fear of reprisal.

138.    Plaintiff engaged in constitutionally protected activity by speaking on matters of public concern and beyond the scope of his job duties, including but not limited to his participation in inquiries and investigations and otherwise speaking out on matters that are of public concern as described in part above.

139.    Plaintiff engaged in constitutionally protected activity by speaking on matters of public concern and beyond the scope of his job duties, including specifically and without

limitation his concerns of unsafe gun range practices and nepotism within Defendant UWF as referenced in paragraphs 41-43 hereinabove.

140.    After engaging in this protected activity, Plaintiff was the victim of retaliatory actions as described in part above.

141.    Defendant FLETCHER infringed on Plaintiff's constitutionally protected interests under the First Amendment by taking adverse actions against Plaintiff in retaliation for his protected activity.

142.    Defendant FLETCHER's actions against Plaintiff constituted retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights.

143.    Plaintiff's protected activity was substantial or motivating factor in the adverse actions taken against him.

144.    Defendant FLETCHER's actions were in callous and willful disregard of Plaintiff's constitutional rights, thereby authorizing an award of punitive damages against Defendant FLETCHER in his individual capacity.

145.    Defendant FLETCHER personally participated in the adverse actions against Plaintiff in violation of his First Amendment right to free speech.

146.    Defendant FLETCHER was a final decisionmaker in the decisions to take adverse employment actions against Plaintiff after he engaged in protected First Amendment activity.

147.    At all times pertinent hereto, Defendant FLETCHER acted under color of state law when she made the decisions and/or participated in the adverse employment actions against Plaintiff.

148.    Defendant FLETCHER's participation in disciplining and/or terminating Plaintiff was the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights.

149.    Defendant FLETCHER acted with malice against Plaintiff and/or in reckless disregard of his clearly established rights under the First Amendment.

150.    As a direct and proximate result of the actions of Defendant FLETCHER, Plaintiff has suffered lost wages, benefits, and economic tangible damages.  He also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life and other noneconomic damages.  These losses have occurred in the past, are occurring at present, and are likely to continue into the future.  Plaintiff is entitled to an award against Defendant FLETCHER for costs and attorney's fees.  Plaintiff is also entitled to punitive damages against Defendant FLETCHER in her individual capacity.

**COUNT IX**
**FIRST AMENDMENT RETALIATION**
**(Against Defendant FAIRCLOTH)**

151.    Paragraphs 1-57 are re-alleged and incorporated herein by reference.

152.    This count sets forth a claim against Defendant FAIRCLOTH in his individual capacity for First Amendment retaliation and is brought through 42 U.S.C. § 1983.

153.    Defendant FAIRCLOTH took actions in violation of Plaintiff's rights under the First Amendment of the United States Constitution.  These violations were of the type and character as to which any reasonable person would be aware.  Defendant FAIRCLOTH is a person under the laws applicable to this Count.

154.    Plaintiff's rights to freedom of political expression, association, participation and belief were violated.  Public employees like Plaintiff have the right to engage in First Amendment activities without the fear of reprisal.

155.    Plaintiff engaged in constitutionally protected activity by speaking on matters of public concern and beyond the scope of his job duties, including but not limited to his participation in inquiries and investigations and otherwise speaking out on matters that are of public concern as described in part above.

156.    Plaintiff engaged in constitutionally protected activity by speaking on matters of public concern and beyond the scope of his job duties, including specifically and without limitation his concerns of unsafe gun range practices and nepotism within Defendant UWF as referenced in paragraphs 41-43 hereinabove.

157.    After engaging in this protected activity, Plaintiff was the victim of retaliatory actions as described in part above.

158.    Defendant FAIRCLOTH infringed on Plaintiff's constitutionally protected interests under the First Amendment by taking adverse actions against Plaintiff in retaliation for his protected activity.

159.    Defendant FAIRCLOTH's actions against Plaintiff constituted retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights.

160.    Plaintiff's protected activity was substantial or motivating factor in the adverse actions taken against him.

161.   Defendant FAIRCLOTH's actions were in callous and willful disregard of Plaintiff's constitutional rights, thereby authorizing an award of punitive damages against Defendant FAIRCLOTH in his individual capacity.

162.   Defendant FAIRCLOTH personally participated in the adverse actions against Plaintiff in violation of his First Amendment right to free speech.

163.   Defendant FAIRCLOTH was a final decisionmaker in the decisions to take adverse employment actions against Plaintiff after he engaged in protected First Amendment activity.

164.   At all times pertinent hereto, Defendant FAIRCLOTH acted under color of state law when he made the decisions and/or participated in the adverse employment actions against Plaintiff.

165.   Defendant FAIRCLOTH's participation in disciplining and/or terminating Plaintiff was the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights.

166.   Defendant FAIRCLOTH acted with malice against Plaintiff and/or in reckless disregard of his clearly established rights under the First Amendment.

167.   As a direct and proximate result of the actions of Defendant FAIRCLOTH, Plaintiff has suffered lost wages, benefits and economic tangible damages.  He also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life and other noneconomic damages.  These losses have occurred in the past, are occurring at present, and are likely to continue into the future.  Plaintiff is entitled to an award against Defendant FAIRCLOTH for costs and attorney's fees.  Plaintiff is also entitled to punitive damages against Defendant FAIRCLOTH in his individual capacity.

## COUNT X
## FIRST AMENDMENT RETALIATION
### (Against Defendant COSSICH)

168.    Paragraphs 1-57 are re-alleged and incorporated herein by reference.

169.    This count sets forth a claim against Defendant COSSICH in his individual capacity for First Amendment retaliation and is brought through 42 U.S.C. § 1983.

170.    Defendant COSSICH took actions in violation of Plaintiff's rights under the First Amendment of the United States Constitution.  These violations were of the type and character as to which any reasonable person would be aware.  Defendant COSSICH is a person under the laws applicable to this Count.

171.    Plaintiff's rights to freedom of political expression, association, participation and belief were violated.  Public employees like Plaintiff have the right to engage in First Amendment activities without the fear of reprisal.

172.    Plaintiff engaged in constitutionally protected activity by speaking on matters of public concern and beyond the scope of his job duties, including but not limited to his participation in inquiries and investigations and otherwise speaking out on matters that are of public concern as described in part above.

173.    Plaintiff engaged in constitutionally protected activity by speaking on matters of public concern and beyond the scope of his job duties, including specifically and without limitation his concerns of unsafe gun range practices and nepotism within Defendant UWF as referenced in paragraphs 41-43 hereinabove.

174.    After engaging in this protected activity, Plaintiff was the victim of retaliatory actions as described in part above.

29

175.    Defendant COSSICH infringed on Plaintiff's constitutionally protected interests under the First Amendment by taking adverse actions against Plaintiff in retaliation for his protected activity.

176.    Defendant COSSICH's actions against Plaintiff constituted retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights.

177.    Plaintiff's protected activity was substantial or motivating factor in the adverse actions taken against him.

178.    Defendant COSSICH's actions were in callous and willful disregard of Plaintiff's constitutional rights, thereby authorizing an award of punitive damages against Defendant COSSICH in his individual capacity.

179.    Defendant COSSICH personally participated in the adverse actions against Plaintiff in violation of his First Amendment right to free speech.

180.    Defendant COSSICH was a final decisionmaker in the decisions to take adverse employment actions against Plaintiff after he engaged in protected First Amendment activity.

181.    At all times pertinent hereto, Defendant COSSICH acted under color of state law when he made the decisions and/or participated in the adverse employment actions against Plaintiff.

182.    Defendant COSSICH's participation in disciplining and/or terminating Plaintiff was the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights.

183.    Defendant COSSICH acted with malice against Plaintiff and/or in reckless disregard of his clearly established rights under the First Amendment.

184.     As a direct and proximate result of the actions of Defendant COSSICH, Plaintiff has suffered lost wages, benefits and economic tangible damages.  He also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life and other non-economic damages.  These losses have occurred in the past, are occurring at present, and are likely to continue into the future.  Plaintiff is entitled to an award against Defendant COSSICH for costs and attorney's fees.  Plaintiff is also entitled to punitive damages against Defendant COSSICH in his individual capacity.

### COUNT XI
### RETALIATION – Chapter 760

185.     Paragraphs 1 through 57 are realleged and incorporated herein by reference.

186.     Defendant is an employer as that term is used under the applicable statutes referenced above.

187.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff initiated this lawsuit in response to Defendant's unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

188.     The foregoing unlawful actions by Defendant were purposeful.

189.     Plaintiff was invited to a retirement party at the University of West Florida's police department and was prohibited from attending by Fletcher because he initiated this lawsuit.

190.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and filed this lawsuit and was the victim of retaliation thereafter.  Thus, there is a causal connection between Plaintiff's filing of this lawsuit in response to Defendant's

31

adverse employment actions and his prohibition from being allowed to attend the retirement party thereafter.

191.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 1st day of March, 2022.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS,**

**CASE NO.: 22-CA-**
**FLA BAR NO.: 0739685**

      **Plaintiff,**

v.

**MARTHA DUNAGIN SANDERS, in her official**
**capacity as President of THE**
**UNIVERSITY OF WEST FLORIDA, THE**
**BOARD OF TRUSTEES OF THE**
**UNIVERSITY OF WEST FLORIDA,**            **SUMMONS**
**DEBORAH FLETCHER, individually,**
**MARC COSSICH, individually, and**
**DAVID FAIRCLOTH, individually,**

      **Defendants.**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

      **DIVISION OF RISK MANAGEMENT**
      **Department of Financial Services**
      **200 East Gaines Street**
      **Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street,**
**Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

      DATED on _____, 2022.

               CLERK OF THE CIRCUIT COURT

               By:_____
                    Deputy Clerk

Case 3:22-cv-07026-TKW-HTC   Document 1-1   Filed 05/31/22   Page 38 of 60

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS,**

**CASE NO.: 22-CA-**
**FLA BAR NO.: 0739685**

　　　**Plaintiff,**

v.

**MARTHA DUNAGIN SANDERS, in her official**
**capacity as President of THE**
**UNIVERSITY OF WEST FLORIDA, THE**
**BOARD OF TRUSTEES OF THE**　　　　　　　　**SUMMONS**
**UNIVERSITY OF WEST FLORIDA,**
**DEBORAH FLETCHER, individually,**
**MARC COSSICH, individually, and**
**DAVID FAIRCLOTH, individually,**

　　　**Defendants.**
_____/

To Each Sheriff of the State:

　　　YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

　　　**MARTHA DUNAGIN SANDERS, in her official capacity as President of the**
　　　**UNIVERSITY OF WEST FLORIDA**
　　　**11000 University Parkway**
　　　**Pensacola, Florida 32514**

　　　Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

　　　DATED on _____, 2022.

　　　　　　　　　　　　　CLERK OF THE CIRCUIT COURT

　　　　　　　　　　　　　By:_____

**IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA**

**HERMAN FAILS,**                                  **CASE NO.: 22-CA-
FLA BAR NO.: 0739685**

     **Plaintiff,**

**v.**

**MARTHA DUNAGIN SANDERS, in her official
capacity as President of THE
UNIVERSITY OF WEST FLORIDA, THE**                 **SUMMONS**
**BOARD OF TRUSTEES OF THE
UNIVERSITY OF WEST FLORIDA,
DEBORAH FLETCHER, individually,
MARC COSSICH, individually, and
DAVID FAIRCLOTH, individually,**

     **Defendants.**
_____/

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

     **Board of Trustees of University of West Florida
c/o Suzanne Lewis- Chairman
Bldg. 10, Room 102
11000 University Parkway
Pensacola, Florida 32514**

     Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street,
Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

     DATED on _____, 2022.

                   CLERK OF THE CIRCUIT COURT


                   By:_____

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS,**

      **Plaintiff,**

v.

**MARTHA DUNAGIN SANDERS, in her official
capacity as President of THE
UNIVERSITY OF WEST FLORIDA, THE
BOARD OF TRUSTEES OF THE
UNIVERSITY OF WEST FLORIDA,
DEBORAH FLETCHER, individually,
MARC COSSICH, individually, and
DAVID FAIRCLOTH, individually,**

      **Defendants.**

_____/

**CASE NO.: 22-CA-
FLA BAR NO.: 0739685**

**SUMMONS**

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**DEBORAH FLETCHER
Bldg. 94, UWF
11000 University Parkway
Pensacola, Florida 32514**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2022.

CLERK OF THE CIRCUIT COURT

By:_____

Case 3:22-cv-07026-TKW-HTC   Document 1-1   Filed 05/31/22   Page 41 of 60

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS,**

      **Plaintiff,**

v.

**MARTHA DUNAGIN SANDERS, in her official
capacity as President of THE
UNIVERSITY OF WEST FLORIDA, THE
BOARD OF TRUSTEES OF THE
UNIVERSITY OF WEST FLORIDA,
DEBORAH FLETCHER, individually,
MARC COSSICH, individually, and
DAVID FAIRCLOTH, individually,**

      **Defendants.**

_____/

**CASE NO.: 22-CA-**
**FLA BAR NO.: 0739685**

**SUMMONS**

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

      **MARC COSSICH**
      **Bldg. 94, UWF**
      **11000 University Parkway**
      **Pensacola, Florida 32514**

      Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street,
Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

      DATED on _____, 2022.

                  CLERK OF THE CIRCUIT COURT

                  By:_____

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS,**

 **CASE NO.: 22-CA-**
 **FLA BAR NO.: 0739685**

 **Plaintiff,**

v.

**MARTHA DUNAGIN SANDERS, in her official**
**capacity as President of THE**
**UNIVERSITY OF WEST FLORIDA, THE**   **SUMMONS**
**BOARD OF TRUSTEES OF THE**
**UNIVERSITY OF WEST FLORIDA,**
**DEBORAH FLETCHER, individually,**
**MARC COSSICH, individually, and**
**DAVID FAIRCLOTH, individually,**

 **Defendants.**
_____/

To Each Sheriff of the State:

 YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

 **DAVID FAIRCLOTH**
 **Bldg. 94, UWF**
 **11000 University Parkway**
 **Pensacola, Florida 32514**

 Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

 DATED on _____, 2022.

      CLERK OF THE CIRCUIT COURT

      By:_____

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**CIVIL DIVISION**

**HERMAN FAILS**

          Plaintiff,

VS.

    CASE NO.:   **2022 CA 000427**

    DIVISION:   **E-CIVIL**

**MARTHA DUNAGIN SANDERS IN HER OFFICIAL CAPACITY AS PRESIDENT OF**
**THE UNIVERSITY OF WEST FLORIDA, et al.**

          Defendant(s),

## AMENDED ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2021-12, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2021-12 (Civil Case Management Plan).

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service with the Court that includes the following:
   a. Notice that the last of all named Defendants to be served has been served and the date of said service.
   b. A proposal as to whether the case is complex under Fla. R. Civ. P. 1.201, streamlined, or general as defined in First Judicial Circuit Administrative Order No. 2021-12 and a statement as to whether the Defendant concurs in the proposed designation.

3. Upon filing the Notice of Final Service required in paragraph 2, the Plaintiff shall also send a copy of said Notice to the **assigned** Judge's Judicial Assistant via the Proposed Documents function of the ePortal.

4. Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.

**DONE AND ORDERED** in Chambers at Pensacola, Florida this 4th day of August, 2021

/s/ Jan Shackelford

JAN SHACKELFORD
ADMINISTRATIVE JUDGE
ESCAMBIA COUNTY

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS**

     PLAINTIFF,

Vs.                            CASE NO:  **2022 CA 000427**

                                   DIVISION:  **E-CIVIL**

**MARTHA DUNAGIN SANDERS IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA**     ,et al.

     DEFENDANT,

**SUMMONS**

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon **DIVISION OF RISK MANAGEMENT DEPARTMENT OF FINANCIAL SERVICES 200 EAST GAINES STREET TALLAHASSEE FL 32399**

Each defendant is hereby required to serve written defenses to said complaint on

       plaintiff's attorney(s), whose address is

       **MARIE A MATTOX**
       **MARIE A MATTOX PA**
       **203 NORTH GADSDEN STREET**
       **TALLAHASSEE, FL 32301**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **4th day of March, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _____

       Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**HERMAN FAILS**

       PLAINTIFF,

Vs.                                        CASE NO:  **2022 CA 000427**

                                        DIVISION:  **E-CIVIL**

**MARTHA DUNAGIN SANDERS IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA**   ,et al.

       DEFENDANT,

**SUMMONS**

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **MARTHA DUNAGIN SANDERS IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA  11000 UNIVERSITY PKWY PENSACOLA, FL 32514**

Each defendant is hereby required to serve written defenses to said complaint on

       plaintiff's attorney(s), whose address is

      **MARIE A MATTOX**
      **MARIE A MATTOX PA**
      **203 NORTH GADSDEN STREET**
      **TALLAHASSEE, FL 32303**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **4th day of March, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

      Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**HERMAN FAILS**

       PLAINTIFF,

Vs.

CASE NO:  **2022 CA 000427**

DIVISION:  **E-CIVIL**

**MARTHA DUNAGIN SANDERS IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE
UNIVERSITY OF WEST FLORIDA**   ,et al.

       DEFENDANT,

**SUMMONS**

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

  **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF WEST FL C/O SUZANNE LEWIS - CHAIRMAN BLDG 10 ROOM 102 11000 UNIVERSITY PKWY PENSACOLA, FL 32514**

Each defendant is hereby required to serve written defenses to said complaint on

      plaintiff's attorney(s), whose address is

      **MARIE A MATTOX**
      **MARIE A MATTOX PA**
      **203 NORTH GADSDEN STREET**
      **TALLAHASSEE, FL 32303**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **4th day of March, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

    Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

# IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS**

PLAINTIFF,

Vs.

CASE NO: **2022 CA 000427**

DIVISION: **E-CIVIL**

**MARTHA DUNAGIN SANDERS IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA** ,et al.

DEFENDANT,

## SUMMONS PERSONAL SERVICE ON A NATURAL PERSON

TO DEFENDANT: **DEBORAH FLETCHER**

**BLDG 94 UWF**

**11000 UNIVERSITY PKWY**

**PENSACOLA, FL 32514**

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegara. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos , sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l´assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci -desses et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis,  vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saiais par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres abligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au " Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

PLAINTIFF/PLAINTIFF'S ATTORNEY:

**MARIE A MATTOX**

**MARIE A MATTOX PA**

**203 NORTH GADSDEN STREET**

**TALLAHASSEE, FL 32303**

The STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

CASUM2053P2

Witness, my hand and the seal of this Court on this **4th day of March, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

      Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, ADA Liaison Escambia County, 190 Governmental Center, 5th Floor, Pensacola, FL 32502, (850) 595-4400 Fax (850) 595-0360 ADA.Escambia@flcourts1.gov , at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

### IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS**

       PLAINTIFF,

Vs.

CASE NO:   **2022 CA 000427**

DIVISION:   **E-CIVIL**

**MARTHA DUNAGIN SANDERS IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA** ,et al.

       DEFENDANT,

### SUMMONS PERSONAL SERVICE ON A NATURAL PERSON

TO DEFENDANT:   **MARC COSSICH**

                **BLDG 94 UWF**

                **11000 UNIVERSITY PKWY**

                **PENSACOLA, FL 32514**

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Su usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos , sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l´assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci -desses et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saiais par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres abligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

PLAINTIFF/PLAINTIFF'S ATTORNEY:   **MARIE A MATTOX**

                                     **MARIE A MATTOX PA**

                                     **203 NORTH GADSDEN STREET**

                                       **TALLAHASSEE, FL 32303**

The STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

CASUM2053P2

Witness, my hand and the seal of this Court on this **4th day of March, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Christina R. Sands_

       Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Court Administration, ADA Liaison Escambia County, 190 Governmental Center, 5th Floor, Pensacola, FL  32502, (850) 595-4400 Fax (850) 595-0360 ADA.Escambia@flcourts1.gov , at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CASUM2053P2

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**HERMAN FAILS**

        PLAINTIFF,

Vs.                                                      CASE NO:   **2022 CA 000427**

                                                      DIVISION:   **E-CIVIL**

**MARTHA DUNAGIN SANDERS IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA**   ,et al.

        DEFENDANT,

### SUMMONS PERSONAL SERVICE ON A NATURAL PERSON

TO DEFENDANT:   **DAVID FAIRCLOTH**

                       **BLDG 94 UWF**

                       **11000 UNIVERSITY PKWY**

                       **PENSACOLA, FL 32514**

#### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

#### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos , sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

#### IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-desses et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis,  vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saiais par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres abligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

PLAINTIFF/PLAINTIFF'S ATTORNEY:    **MARIE A MATTOX**

                                              **MARIE A MATTOX PA**

                                              **203 NORTH GADSDEN STREET**

                                              **TALLAHASSEE, FL 32303**

The STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

CASUM2053P2

Witness, my hand and the seal of this Court on this **4th day of March, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _____

      Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, ADA Liaison Escambia County, 190 Governmental Center, 5th Floor, Pensacola, FL 32502, (850) 595-4400 Fax (850) 595-0360 ADA.Escambia@flcourts1.gov , at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## Escambia County Receipt of Transaction
## Receipt #      2022016840

**Cashiered by: clt**

Pam Childers
Clerk of Court
Escambia County, Florida

**Received From**

**MATTOX, MARIE A**
**MARIE A MATTOX PA**
**203 NORTH GADSDEN STREET**
**TALLAHASSEE, FL  32303**

**On Behalf Of:**

On:  3/3/22   5:37 pm
Transaction # 101665142

| CaseNumber   2022 CA 000427 | | | | | | |
|---|---|---|---|---|---|---|
| **Fee Description** | **Fee** | **Prior Paid** | **Waived** | **Due** | **Paid** | **Balance** |
| (CA1) CIRCUIT CIVIL FILING FEE | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CA93) ISSUANCE OF SUMMONS | 60.00 | 0.00 | 0.00 | 60.00 | 60.00 | 0.00 |
| **Total:** | **460.00** | **0.00** | **0.00** | **460.00** | **460.00** | **0.00** |
| **Grand Total:** | **460.00** | **0.00** | **0.00** | **460.00** | **460.00** | **0.00** |

| PAYMENTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Payment Type** | **Reference** | | **Amount** | **Refund** | **Overage** | **Change** | **Net Amount** |
| EFILING | 3022199 | OK | 460.00 | 0.00 | 0.00 | 0.00 | 460.00 |
| | **Payments Total:** | | **460.00** | **0.00** | **0.00** | **0.00** | **460.00** |

Credit Card Convenience fee of 3.5% is non-refundable.

# VERIFIED RETURN OF SERVICE

Job # T222476

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| HERMAN FAILS | Court Division: E-CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Escambia, Florida |
| MARTHA DUNAGIN SANDERS, IN OFFICIAL CAPACITY AS | Court Case # **2022 CA 000427** |
| PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA; ET AL | |

**Service Info:**

**Received by BRENNAN FOGARTY: on May, 5th 2022 at 10:52 AM**
**Service:** I Served **DIVISION OF RISK MANAGEMENT DEPARTMENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLAINT**
by leaving with **Jonathan Doster, PROCESS AGENT**

**At Business 200 E. GAINES STREET TALLAHASSEE, FL 32399**
On **5/5/2022** at **01:55 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **BRENNAN FOGARTY** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**BRENNAN FOGARTY**
Lic # **230**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T222476**




# VERIFIED RETURN OF SERVICE

Job # P222053

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| HERMAN FAILS | Court Division: E-CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Escambia, Florida |
| MARTHA DUNAGIN SANDERS, IN OFFICIAL CAPACITY AS | Court Case # **2022 CA 000427** |
| PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA; ET AL | |

**Service Info:**

**Received by LARRY GUNTER: on May, 5th 2022 at 12:21 PM**
**Service:** I Served **DEBORAH FLETCHER**
With: **SUMMONS; COMPLAINT**
by leaving with **Deborah Fletcher, PERSONALLY**

**At Business 11000 UNIVERSITY PKWY BLDG 94 UWF PENSACOLA, FL 32514**
Latitude: **30.544813**,   Longitude: **-87.212543**

On **5/10/2022** at **11:45 AM**
**Manner of Service: INDIVIDUAL**
F.S. 48.031(1) INDIVIDUAL SERVICE

**Served Description:  (Approx)**

Age: **38**, Sex: **Female**, Race: **Black**, Height: **5' 6"**, Weight: **130**, Hair: **Black** Glasses:  **Yes**

I **LARRY GUNTER** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**LARRY GUNTER**
Lic # **613**

**ACCURATE SERVE OF TALLY**
400 CAPITAL CIRCLE ST STE. 18291
Tallahassee, FL 32301

Client # T222472
Job # P222053




1 of 1

# VERIFIED RETURN OF SERVICE

Job # P222051

---

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

---

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| HERMAN FAILS | Court Division: E-CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Escambia, Florida |
| MARTHA DUNAGIN SANDERS, IN OFFICIAL CAPACITY AS | Court Case # **2022 CA 000427** |
| PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA; ET AL | |

---

**Service Info:**

**Received by LARRY GUNTER: on May, 5th 2022 at 12:19 PM**
**Service:** I Served **DAVID FAIRCLOTH**
With: **SUMMONS; COMPLAINT**
by leaving with **David Faircloth, DEFENDANT**

**At Residence 11000 UNIVERSITY PKWY BLDG 94 UWF PENSACOLA, FL 32514**
Latitude: **30.544618,**   Longitude: **-87.212509**

On **5/9/2022** at **02:32 PM**
**Manner of Service: INDIVIDUAL**
F.S. 48.031(1) INDIVIDUAL SERVICE

---

**Served Description:  (Approx)**

Age: **45**, Sex: **Male**, Race: **White-Caucasian**, Height: **5' 9"**, Weight: **165**, Hair: **Brown** Glasses:  **Yes**

I **LARRY GUNTER** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

_LARRY GUNTER_
Lic # 63

**ACCURATE SERVE OF TALLY**
400 CAPITAL CIRCLE ST STE. 18291
Tallahassee, FL 32301

Client # T222467
Job # P222051




1 of 1

# VERIFIED RETURN OF SERVICE

Job # P222052

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| HERMAN FAILS | Court Division: E-CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Escambia, Florida |
| MARTHA DUNAGIN SANDERS, IN OFFICIAL CAPACITY AS | Court Case # **2022 CA 000427** |
| PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA; ET AL | |

**Service Info:**

**Received by LARRY GUNTER: on May, 5th 2022 at 12:20 PM**
**Service:** I Served **MARC COSSICH**
With: **SUMMONS; COMPLAINT**
by leaving with **Marc Cossich, DEFENDANT**

**At Business 11000 UNIVERSITY PKWY BLDG 94 UWF PENSACOLA, FL 32514**
Latitude: **30.544922**,   Longitude: **-87.212613**

On **5/10/2022** at **11:45 AM**
**Manner of Service: INDIVIDUAL**
F.S. 48.031(1) INDIVIDUAL SERVICE

**Served Description:  (Approx)**

Age: **52**, Sex: **Male**, Race: **White-Caucasian**, Height: **5' 10"**, Weight: **190**, Hair: **Gray** Glasses:  **No**

I **LARRY GUNTER** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.



**LARRY GUNTER**
Lic # 2613

**ACCURATE SERVE OF TALLY**
400 CAPITAL CIRCLE ST STE. 18291
Tallahassee, FL 32301

Client # T222471
Job # P222052




1 of 1

# VERIFIED RETURN OF SERVICE

Job # P222055

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| HERMAN FAILS | Court Division: E-CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Escambia, Florida |
| MARTHA DUNAGIN SANDERS, IN OFFICIAL CAPACITY AS | Court Case # **2022 CA 000427** |
| PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA; ET AL | |

**Service Info:**

**Received by LARRY GUNTER: on May, 5th 2022 at 12:26 PM**
**Service:** I Served **MARTHA DUNAGIN SANDERS, IN OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA**
With: **SUMMONS; COMPLAINT**
by leaving with **Jessica Whittle, PARALEGAL**

**At Business 11000 UNIVERSITY PKWY PENSACOLA, FL 32514**
Latitude: **30.550135,**   Longitude: **-87.221054**

On **5/9/2022** at **02:10 PM**
**Manner of Service: GOVERNMENT AGENCY/BOARD**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3) SERVER CONFIRMS THAT HE/SHE HAS ACKNOWLEDGED THE FOLLOWING: (1) Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate shall be served: (a) On the president, mayor, chair, or other head thereof; and in his or her absence; (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above; (c) On any member of the governing board, council, or commission. IN THE ABSENCE OF ALL OF THE ABOVE, THE AFOREMENTIONED INDIVIDUAL HAS STATED THAT THEY ARE AUTHORIZED TO ACCEPT ON BEHALF OF SUBJECT.

**Served Description:  (Approx)**

Age: **38**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 4"**, Weight: **135**, Hair: **Black** Glasses:  **No**

I **LARRY GUNTER** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

_Larry Gunter_
_____
**LARRY GUNTER**
Lic # **613**

**ACCURATE SERVE OF TALLY**
400 CAPITAL CIRCLE ST STE. 18291
Tallahassee, FL 32301

Client # T222475
Job # P222055




1 of 1

Filing # 150330923 E-Filed 05/25/2022 08:07:03 PM

# VERIFIED RETURN OF SERVICE

Job # P222054

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| HERMAN FAILS | Court Division: E-CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Escambia, Florida |
| MARTHA DUNAGIN SANDERS, IN OFFICIAL CAPACITY AS | Court Case # **2022 CA 000427** |
| PRESIDENT OF THE UNIVERSITY OF WEST FLORIDA; ET AL | |

**Service Info:**

**Received by LARRY GUNTER: on May, 5th 2022 at 12:24 PM**
**Service:** I Served **BOARD OF TRUTEES IF THE UNIVERSITY OF WEST FL. C/O SUZANNE LEWIS- CHAIRMAN**
With: **SUMMONS; COMPLAINT**
by leaving with **Jessica Whittle**, PARALEGAL

**At Business 11000 UNIVERSITY PKWY BLDG 10/ROOM 102 PENSACOLA, FL 32514**
Latitude: **30.546445**, Longitude: **-87.239286**

On **5/9/2022** at **02:10 PM**
**Manner of Service: GOVERNMENT AGENCY/BOARD**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3) SERVER CONFIRMS THAT HE/SHE HAS ACKNOWLEDGED THE
FOLLOWING: (1) Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or
any county which has a governing board, council, or commission or which is a body corporate shall be served: (a) On the president,
mayor, chair, or other head thereof; and in his or her absence; (b) On the vice president, vice mayor, or vice chair, or in the absence
of all of the above; (c) On any member of the governing board, council, or commission. IN THE ABSENCE OF ALL OF THE ABOVE,
THE AFOREMENTIONED INDIVIDUAL HAS STATED THAT THEY ARE AUTHORIZED TO ACCEPT ON BEHALF OF SUBJECT.

**Served Description: (Approx)**

Age: **38**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 4"**, Weight: **135**, Hair: **Black** Glasses: **No**

I **LARRY GUNTER** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

LARRY GUNTER
Lic # **619**

**ACCURATE SERVE OF TALLY**
400 CAPITAL CIRCLE ST STE. 18291
Tallahassee, FL 32301

Client # T222474
Job # P222054




1 of 1