**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**HERMAN FAILS,**

    Plaintiff,

vs.   CASE NO.: 3:22-cv-07026-MCR-HTC

**MARTHA DUNAGIN SANDERS,**
in Her Official Capacity as President
of the University of West Florida,
**THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF WEST
FLORIDA, DEBORAH FLETCHER,**
Individually, **MARC COSSICH,**
Individually, and **DAVID FAIRCLOTH,**
Individually,

    Defendants.
_____/

## DEFENDANT THE BOARD OF TRUSTEES OF THE UNIVERSITY OF WEST FLORIDA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, **UNIVERSITY OF WEST FLORIDA BOARD OF TRUSTEES** ("UWF BOT" or "Defendant"), pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, and Local Rule 7.1, moves to dismiss the Complaint filed by Plaintiff, **HERMAN FAILS** ("Plaintiff" or "Fails").

## INTRODUCTION AND BASES FOR DISMISSAL

This eleven-count Complaint attempts to assert claims and recover damages against President Saunders in her Official Capacity, the University of West Florida Board of Trustees and three individual capacity defendants – Deborah Fletcher, Marc Cossich and David Faircloth. The bases for dismissal of President Saunders and the individual capacity defendants are set forth in separate motions to dismiss.

This Motion seeks dismissal with prejudice on behalf of UWF BOT pursuant to Rule 12(b)(1) and the Eleventh Amendment to the United States Constitution with respect to the following Counts:

**Count I** – Americans With Disabilities Act Discrimination

**Count II** – Americans With Disabilities Act Retaliation[1]

**Count III** – Age Discrimination in Employment Act Discrimination

**Count IV** – Age Discrimination in Employment Act Retaliation[2]

Additionally, this Motion seeks dismissal of the entire Complaint pursuant to Rule 12(b)(6), for its failure to state a claim upon which relief can be granted. Specifically, the Complaint is a shotgun pleading and fails to satisfy Plaintiff's fact-pleading burden—defects which the Eleventh Circuit has made clear are impermissible. Additionally, the Complaint contains further pleading deficiencies

---

[1] 42 U.S.C. §§ 12101, et seq. (hereinafter "ADA").
[2] 29 U.S.C. §§ 621 et seq. (hereinafter "ADEA").

that subjects Plaintiff's disability/handicap discrimination claims to dismissal and seeks damages that are not available as a matter of law.

## MEMORANDUM OF LAW

**Argument I – The Eleventh Amendment Bars Plaintiff's Claims under the ADA and ADEA**

Plaintiff's Complaint seeks damages against UWF BOT based upon Plaintiff's claim that he "has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits." (Complaint at ¶¶ 66, 75, 87 and 96; *ad damnum* clause at subsections (c) and (f)). The damages sought by Plaintiff in Counts I through IV are essentially the same and seek the same forms of economic and non-economic monetary damages. (*Id.*) Plaintiff also seeks injunctive relief and attorney's fees in each of these Counts. (*Id.*)

ADA and ADEA claims for monetary damages asserted against entities of the State of Florida, such as UWF, are barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In *Seminole Tribe of Florida v. Florida*, the Supreme Court held that Congress could not use *any* power set forth in

3

Article I of the United States Constitution to create private rights of action to enforce legislation enacted pursuant to those powers. 517 U.S. 44, 72-73 (1996). The States' immunity from private-party suits is derived from the concept that "each State is a sovereign entity in our federal system," and that "[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual *without its consent.*" Id. at 55; *see also* Hans v. Louisiana, 134 U.S. 1, 13 (1890). The State of Florida has not waived its Eleventh Amendment immunity. *See* Fla. Stat., § 768.28(18) (2021).

Three years after it decided Seminole Tribe, the Supreme Court held in Alden v. Maine that Congress did not have the authority under Article I to subject nonconsenting states to suits in their own courts either. 527 U.S. 706, 711-12 (1999). Alden involved a suit seeking compensation from a state for overtime pay and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, enacted pursuant to the Commerce Clause in Article I, Section 8. Id. The FLSA purported to authorize private actions against states in their own courts. Id.; 29 U.S.C. §§ 203 (x), 216 (b). The Court held that "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts." Alden, 527 U.S. at 712. As the Court stated, "[i]n light of history, practice, precedent, and the structure of the Constitution, we hold that the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate

4

by Article I legislation." <u>Id.</u> at 754; see also <u>Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank</u>, 527 U.S. 627, 636 (1999) (recognizing that "Congress may not abrogate state sovereign immunity pursuant to its Article I powers," including the Patent and Copyright Clause).

The Court extended these immunity principles to hold that suits seeking damages against state entities such as UWF BOT alleging discrimination on the basis of age under the ADEA are barred by the Eleventh Amendment. *See*, <u>Kimel v. Fla. Bd. of Regents</u>, 528 U.S. 62, 92 (2000) ("the ADEA does not validly abrogate the States' sovereign immunity."). The same result was reached with respect to actions for money damages under Title I of the ADA. *See* <u>Bd. of Tr. of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 360 (2001). Thus, while Plaintiff's claim for injunctive relief under the ADA and ADEA may go forward, his claims for money damages under Counts I, II, III and IV must be dismissed with prejudice.

**Argument II – <u>Plaintiff's Complaint must be Dismissed because it is an Impermissible Shotgun Pleading</u>**

The Complaint is also subject to dismissal pursuant to Rule 12(b)(6) because it is a shotgun pleading that violates Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In turn, Rule 10(b) requires that Plaintiff state his claims in numbered paragraphs limited as far as practicable to a single set of circumstances, and each claim founded on a separate

5

transaction or occurrence must be stated in a separate count. The upshot of the multitude of decisions decrying the use of shotgun pleadings is that a defendant is entitled to fair notice of the claims brought against it.

More specifically, in each of Plaintiff's 11 Counts Plaintiff merely reincorporates paragraphs 1-57, without any designation as to which paragraphs apply to which count or to which defendant. (Doc. 1-1 at ¶¶ 58, 67, 76, 88, 97, 108, 114, 134, 151, 168, and 185). This is not permitted. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (stating a type of shotgun pleading is one that commits the "rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions, or which of the defendants the claim is brought against."); *see also Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1330 n. 22 (11th Cir. 2004) (finding a shotgun pleading where "[m]any [counts] adopt the material allegations of the preceding counts or paragraphs such that some counts appear to state more than one cause of action"); *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (same).[3]

Second, the Counts in the Complaint are confusing and do not sufficiently delineate the type of claim being asserted:

---

[3] Alternatively, as the Court is aware, if the Complaint is determined to be a shotgun pleading, the Court may order Plaintiff to replead his allegations pursuant to Rule 12(e). *See Weiland*, 792 F. 3d at 1321 n.10

- Counts I, II and III are labeled based upon the type of discrimination and retaliation alleged, and then cite the ADA or ADEA (as applicable), and also Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992 ("FCRA"). Count IV, however, is labeled "ADEA Retaliation" but goes on to cite the FCRA.

- Then, Count XI is labeled "Retaliation – Chapter 760", but does not specify the types of disclosures Plaintiff allegedly made that he claims led to retaliation against him and, in any event, may be repetitive of the FCRA retaliation claims contained at Count II and (possibly) Count IV.

- Count V is labeled "Violation of the Rehabilitation Act Disability/Handicap Discrimination," and despite ostensibly being a claim for discrimination only, the single word "retaliatory" appears in paragraph 104.

These counts lack the clarity required to allow UWF BOT to frame a responsive pleading. This pleading practice is the essence of shotgun pleading. *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 50 (2008) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001) (a complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading is a shotgun pleading and "[p]leadings of this nature are prohibited by Rule 8(a)(2)")). Because Plaintiff fails

to set forth each of his claims with "such clarity and precision that the defendant[s] will be able to discern what the plaintiff is claiming," the Complaint should be dismissed. *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count").

**Argument III – The Complaint Fails to State a Claim Because it Does Not Plausibly Suggest Plaintiff is Disabled/Handicapped or How UWF BOT is Alleged to Have Regarded Him as Disabled/Handicapped**

In support of his disability/handicap discrimination claims brought under the ADA and FCRA (Count I) and the Rehabilitation Act of 1973[4] (Count V), Plaintiff summarily alleges that he "is a member of a protected class due to his age (over 40), actual or perceived disability and/or record of impairment, and he was retaliated against after reporting Defendant's unlawful employment practices." (Doc. 1-1, ¶ 3). The same summary allegations are also set forth in paragraphs 10 and 11. In paragraphs 23 and 24, Plaintiff alleges he has a respiratory ailment "stemming from a previous work-place injury" that "causes shortness of breath" and is "exacerbated by inhaling second-hand cigarette smoke." Additional summary allegations are set forth in paragraph 50, wherein Plaintiff alleges that stress "exacerbated his medical

---

[4] 29 U.S.C. §§ 701, et seq. ("Rehabilitation Act").

conditions, specifically and without limitation exacerbating his insomnia, appetite loss, and anxiety."

Then, in paragraph 27, Plaintiff injects ADA/FCRA buzz phrases, contending that "Plaintiff's disabilities, known to Defendant UWF, affect Plaintiff's activities of daily living, including specifically and without limitation walking, sitting, reading, sleeping, working and concentrating," and that he "was able to perform the essential functions of his position with Defendant with and/or without accommodations." The Complaint does not contain any further factual detail regarding the specifics of Plaintiff's alleged disability/handicap, how his major life activities are affected by his condition or detail regarding requests for accommodation, UWF BOT's response to those requests or why any requests that were made were denied, or why Plaintiff is a "qualified individual" with a disability or handicap.

Plaintiff's "regarded as" claims under the ADA/FCRA/Rehabilitation Act are even more amorphous. Indeed, other than using boilerplate language in paragraphs 3, 11, 59, 60, 65, and 98, the Complaint contains no factual detail whatsoever plausibly suggesting that Plaintiff was perceived or regarded as disabled/handicapped or how UWF BOT discriminated against him because it regarded Plaintiff as being disabled/handicapped.

The lack of factual detail regarding these key components of Plaintiff's disability/handicap discrimination claims subjects Counts I and V to dismissal for failure to state a claim under the pleading standards established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).[5] First, Plaintiff does not allege facts sufficient to plausibly suggest he is "disabled" for purposes of the ADA, and "handicapped" for purposes of the FCRA and Rehabilitation Act. *See*, *e.g.*, *Jones v. STOA International Florida, Inc.*, No. 3:09-cv-282-MCR-EMT, 2010 WL 11527022 at **1-2 (N.D. Fla. May 3, 2010), *aff'd*, 422 Fed. Appx. 851, 853 (11th Cir. Apr. 8, 2011). Conclusory allegations regarding one's medical condition are insufficient to plausibly suggest he or she is disabled/handicapped within the meaning of all three (3) statutes. Plaintiff must not only provide factual detail regarding the nature and extent of his condition, but must also allege facts describing the manner in which his "major life activities" have been substantially affected. *See*, *e.g.*, *Holmes v. Silver Lining Bldg. Prod., Inc.*, No. 1:19-cv-04849-WMR-LTW, 2020 WL 9597788 at *4 (N.D. Ga. Aug. 5, 2020) ("Plaintiff

---

[5] UWF BOT is not unmindful that this case was first filed in state court. However, these shortcomings would have been even more pronounced had the case not been removed, since Florida is a fact pleading state. *Accord*, *Berrios v. Deuk Spine*, 76 So. 3d 967, 970 n.1 (Fla. 5th DCA 2011); *Hollywood East Artful Designs, Inc. v. Gutentag*, No. 07-60763-CIV, 2007 WL 2113606 at *1 (S.D. Fla. July 23, 2007) (rejecting plaintiff's claim that complaint should not be dismissed because it was initially filed in state court and noting that Florida's fact pleading standard is more exacting).

must allege '*facts*' demonstrating that she was limited—and substantially so—in one or more major life activities, which she has not done.") (citing <u>Surtain v. Hamlin Terrace Found</u>, 789 F.3d 1239, 1247 (11th Cir. 2015) (emphasis in original)).

Plaintiff's use of labels and legal conclusions in an attempt to assert a "regarded as" or "perceived as" claim under the ADA, FCRA and Rehabilitation Act, without any factual detail to support such a claim, offends the Supreme Court's instruction in <u>Iqbal</u> that legal conclusions and labels, without more, are insufficient to state a claim. <u>Iqbal</u>, 556 U.S. 678 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002) (holding that "legal conclusions masquerading as facts" are not sufficient to support a claim). Simply put, more is required to state a claim for disability/handicap discrimination based upon the "regarded as"/"perceived as" protections contained in the ADA, FCRA and Rehabilitation Act.

Next, a plaintiff claiming discriminatory failure to accommodate has the burden of showing that he sufficiently requested the accommodation in question. *See* <u>Freadman v. Metro. Prop. & Cas. Ins. Co.</u>, 484 F.3d 91, 102 (1st Cir. 2007). The request: (a) must be sufficiently direct and specific; and (b) must explain how the accommodation requested is linked to some disability. <u>Id.</u> The Complaint fails to plausibly suggest that: (a) Plaintiff requested a reasonable accommodation; (b) how

11

UWF BOT responded to that request; (c) whether the accommodation requested was, in fact, reasonable; (d) whether the accommodation requested is causally linked to a disability/handicap; and (e) how the accommodation would have allowed Plaintiff to perform the essential functions of his position.

Similarly, Plaintiff's failure to allege any facts at all regarding whether he was a "qualified individual" with a disability or handicap also subjects Counts I and V to dismissal. *See* Cramer v. State of Fla., et al., 117 F.3d 1258, 1264 (11th Cir. 1997) ("The appellants fail to state a claim because they do not sufficiently allege that they are "qualified individuals" within the meaning of the ADA").

At the end of the day, while Plaintiff has injected catchphrases, buzz words, labels, and conclusions to give the appearance of stating a claim of disability/handicap discrimination, he has not. Count I and Count V should be dismissed accordingly.

**Argument IV – Plaintiff is not Entitled to Recover Damages for Emotional Distress Pursuant to the Rehabilitation Act**

In Count V, Plaintiff makes a demand for emotional distress-style damages. (Doc. 1-1 at ¶ 107). However, this past April, in Cummings v. Premier Rehab Keller, P.L.L.C., the Supreme Court held that damages for emotional distress are not available in private actions brought pursuant to the Rehabilitation Act. -- U.S. --, 142 S.Ct. 1562, 1571-76 (2022). As such, Count V should be dismissed for failure to

state a claim upon which relief may be granted.[6]

## CONCLUSION

For the foregoing reasons, the University of West Florida Board of Trustees respectfully requests that the Complaint be dismissed with prejudice in part, dismissed as a shotgun pleading and dismissed for failure to state a claim upon which relief may be granted, along with such other and further relief as this Honorable Court deems appropriate.

Dated this 28th day of June 2022.

Respectfully submitted,

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
*/s/ Kristen C. Diot*
**KRISTEN C. DIOT**
Florida Bar Number: 118625
kdiot@sniffenlaw.com
*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar Number: 0827711
mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*/s/ Matthew A. Smith*
**MATTHEW A. SMITH**
Florida Bar Number: 114270
msmith@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
700 South Palafox Street
Suite 95
Pensacola, FL 32502
Telephone: (850) 741-2510
Facsimile: (850) 857-8500

*Counsel for University of West Florida Board of Trustees*

---

[6] Of course, in the alternative, under Rule 12(f) Plaintiff's damages demand may also be stricken.

## CERTIFICATION OF WORD COUNT

The undersigned certifies on this 28th day of June 2022 that this document complies with word limits set forth in Rule 7.1(F), N.D. Fla. Loc. R., and contains 2808 words which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail and electronically through the court's CM/ECF system to counsel of record on this 28th day of June 2022.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**